UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT G. DOUGLAS,

    Petitioner,

v.                                                      CASE NO:  8:05-CV-2276-T-30MAP

JAMES CROSBY, Jr., Former Secretary,
Florida Department of Corrections,
STATE OF FLORIDA, et. al

    Respondents.
_____/

## ORDER

Petitioner, a State of Florida inmate proceeding *pro se*, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and challenges the validity of the 1999 convictions of burglary of a dwelling and violation of probation entered against him in the Thirteenth Judicial Circuit Court, Hillsborough County, Florida.  (Dkt. #1.)  Respondent filed a Response to the Petition (Dkt. #8), and Petitioner filed a Reply to the Response (Dkt. #12).  For the reasons explained below, the Court concludes that the Petition should be denied.

### BACKGROUND

On September 1, 1999, a jury found Petitioner, Scott G. Douglas (hereinafter referred to as "Petitioner"), guilty of burglary of a dwelling.  On September 29, 1999, the state court sentenced Petitioner to 15 years incarceration.  Petitioner appealed to the Second District Court of Appeal challenging the denial of his motion for judgment of acquittal.  On February

23, 2001, the Court of Appeal affirmed Petitioner's conviction in a *per curiam* decision. *Douglas v. State*, 783 So. 2d 1065 (Fla. 2d DCA 2001) [table].

On September 27, 2001, Petitioner filed an application for post-conviction relief pursuant to 3.850 of Florida's Rules of Criminal Procedure ("3.850 Motion"). In his motion, Petitioner raised three claims of ineffective assistance based on counsel's failure to (1) interview and subpoena witnesses to corroborate Petitioner's voluntary intoxication defense, and impeach the alleged victim; (2) inform Petitioner of the maximum possible sentence he could receive; and (3) request a jury instruction for voluntary intoxication. On July 18, 2002, Petitioner filed an amended 3.850 motion with an additional claim for relief - that new and material evidence was discovered which would have likely changed the outcome of Petitioner's trial. The state court issued an order in July of 2002, summarily denying the claim that counsel was ineffective for failing to interview and subpoena witnesses to corroborate Petitioner's voluntary intoxication defense. The state court failed to address the new evidence claim located in Ground Four of Petitioner's amended 3.850 motion, and stated that an evidentiary hearing would be held on the three claims which Petitioner had raised in both his original, and amended, 3.850 motions. On January 29, 2003, the state court denied Petitioner's original 3.850 Motion. Petitioner appealed, and on March 23, 2005, the Court of Appeal affirmed in a *per curiam* decision.[1] *Douglas v. State*, 2005 Fla. App. LEXIS 3904 (Fla. 2d DCA March 23, 2005) [table]. The mandate was issued on April 28, 2005.

---

[1] Petitioner asserted on appeal, in addition to his original three claims, that the trial court erred by failing to adjudicate the merits of his newly discovered evidence claim.

On December 12, 2005, Petitioner filed the instant § 2254 Motion, *pro se*.

**Standard of Review**

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts may not grant habeas relief with respect to claims adjudicated on the merits in state court unless the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003).

**DISCUSSION**

**I.     Overview of Claims:**

Petitioner's habeas Petition presents three claims, two of which allege ineffective assistance contending that trial counsel failed to:

> (1)     investigate and present the viable defense of voluntary intoxication; and

  (2)  request a jury instruction for voluntary intoxication "notwithstanding the fact that this was not specific theory of defense."

In his third ground, Petitioner alleges that the trial court failed to adjudicate the merits of the newly discovered evidence claim he included in his amended 3.850 motion.

Ineffective assistance of counsel claims are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 684 (1984). To establish a *prima facie* claim, Petitioner must prove that (1) counsel's performance was deficient; and (2) that the deficient performance prejudiced the Petitioner. *Id*. The *Strickland* standard defines the proper measure of attorney performance as "reasonableness under prevailing professional norms," but counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Deficient performance requires a showing that "in light of all of the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Petitioner must show that counsel's deficient performance actually prejudiced the defense case. *Strickland*, 466 U.S. at 691-92. Petitioner's case is prejudiced when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Even an unreasonable error by counsel does not necessitate the setting aside of a judgment if the error did not affect the judgment. *Id.* at 692. Strategic decisions rendered by counsel after a complete review of relevant laws and facts are "virtually unchallengeable." *Id.* at 690-91. Petitioner can not meet his burden

by showing that counsel could have chosen a different course at trial. *White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). Rather, Petitioner must show that counsel did not do what was constitutionally compelled to provide adequate counsel. *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

## II.    Grounds One and Two

In ground one, Petitioner alleges that trial counsel was ineffective for failing to interview and subpoena witnesses in support of a voluntary intoxication defense. In ground two, Petitioner alleges ineffective assistance based on counsel's failure to request a voluntary intoxication jury instruction. In support of his claims, Petitioner asserts that he informed counsel of witnesses that would verify that Petitioner was "extremely intoxicated" at the time of the alleged burglary, and that counsel should have asserted this defense to counter the State's allegation that Petitioner had a sexual motivation when he entered the burglarized house.

> After an evidentiary hearing, the state court denied ground one as follows:
>
> In Ground One of his Motion, Defendant claimed ineffective assistance of counsel for failure to interview, dispose [sic], and subpoena witnesses to testify in support of an involuntary intoxication defense and to provide impeachment evidence against the alleged victim. However, trial counsel credibly testified at the December 16, 2002 evidentiary hearing that Defendant never advised her of such witnesses. Counsel further credibly testified that she made the strategic decision not to investigate an involuntary intoxication defense because there were no witnesses to corroborate such a defense, and because counsel believed other defenses would prove more effective. Defendant's assertions to the contrary on these matter were not credible.

> Strategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct. *See Occhicone v. State*, 768 So. 2d 1037, 1048 (Fla. 2000). Concerning the responsibility to investigate facts, counsel has a duty to make reasonable investigations or to make decisions that render investigations unnecessary. *See Squires v. State*, 558 So.2d 401, 403 (Fla. 1990); *citing Strickland*, 466 U.S. 668 (1984). In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness, applying a heavy measure of deference to counsel's judgment. *See Squires*, 558 So. 2d at 403. Based on the above, the Court finds Defendant's claim of ineffective assistance is without merit. Therefore, Ground One of Defendant's Motion is denied.

(*internal citations omitted*) (Dkt. #1, Ex. A.)

The state court denied ground two (asserted in ground three of his 3.850 Motion) as follows:

> In Ground Three of his Motion, Defendant claimed ineffective assistance of counsel for failure to request the jury instruction for voluntary intoxication. However, trial counsel credibly testified that she made a strategic decision not to pursue the involuntary intoxication defense because there was insuffient [sic] evidence and witnesses to support it, and because she believed other defenses would better serve Defendant.
>
> Jury instructions regarding intoxication need not be given in every case in which some evidence suggests the defendant had consumed alcoholic beverages prior to the commission of the offense. *See Gardner v. State*, 480 So.2d 91, 92-93 (Fla.1985). Here, as previously explained, the evidence indicates that trial counsel considered the involuntary intoxication defense and rejected it in light of better strategic alternatives. Strategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct. *See Occhicone v. State*, 768 So.2d 1037, 1048 (Fla.2000). Based on the above, the Court finds Defendant's claim of ineffective assistance without merit. Therefore, Ground Three of Defendant's Motion is hereby denied.

(*internal citations omitted*) (Dkt. #1, Ex. A.) Factual determinations made by the state court are presumed correct, and the applicant has the burden of rebutting the facts by clear and

convincing evidence. 28 U.S.C. § 2254(e)(1). The record supports the state court's finding that Defendant never advised counsel of witnesses that could testify in court about Petitioner's voluntary intoxication.

At the December 16, 2002 evidentiary hearing on the 3.850 Motion, former defense counsel, Ursula Richardson, testified that Petitioner told her he "drank one case of beer and a pint of whiskey" with a man named Rick on the night of the alleged burglary, and failed to mention to her that he was at a party that night. (Dkt. #9, Ex. 10, R. 114-134.) Richardson then unsuccessfully attempted to locate the only witness she was apprised of - Rick - by filing an investigative request for a neighborhood survey of Lazella Street in Ruskin, the street on which the victim lived.

At the evidentiary hearing, Richardson testified that she had extensively discussed the voluntary intoxication defense with Petitioner. She discussed its low success rate, and its consequences - including that if Petitioner argued such a defense, he would be admitting to a violation of probation because one of the conditions of his probation was not to drink to excess. Ultimately, counsel and Petitioner agreed to argue for a reduced charge of trespass, rather than voluntary intoxication based on the belief that since there was nothing stolen from the house, the State would not be able to prove burglary. (Dkt. #9, Ex. 10, R 136.) During the course of arguing for the reduced charge, counsel argued that Petitioner was "a drunk old fellow who made the mistake of going into the wrong house." (Dkt. #9, Ex. 10, R 139.)

Petitioner fails to show that defense counsel's strategic decision to argue for a reduced charge rather than a voluntary intoxication defense amounted to constitutionally deficient

performance. *Strickland*, 466 U.S. 668. And, the state court properly applied federal law on these grounds. Accordingly, these grounds fail.

## III. Ground Three

Petitioner asserts that the state court failed to adjudicate his newly discovered evidence claim on the merits during the evidentiary hearing on his 3.850 Motion. In support of his underlying new evidence claim, Petitioner alleged that an hallucinogenic drug (LSD) was slipped into his beverage prior to the burglary, and this would have changed the outcome of his trial. In order to receive habeas relief under § 2254, Petitioner must demonstrate that the state court unreasonably applied federal law.[2] Petitioner has failed to meet this burden.

In order to be granted a new trial based on newly discovered evidence, the defendant must show: (1) facts that were unknown by the trial court, defendant, or counsel at trial; (2) defendant or his counsel could not have discovered these facts by the use of due diligence; and (3) that the evidence is of such a nature that it would probably produce an acquittal on retrial. *See Rodriguez v. Secretary, Dep't of Corr.*, 2008 WL 450054 at *2 (*quoting Jones v. State*, 709 So.2d 512 (Fla.1998)). In his amended 3.850 motion, Petitioner did not claim that this information was unavailable at the time of his trial, or that this fact could not have been discovered prior to trial through the exercise of due diligence. In fact, the party at which Petitioner now alleges someone slipped LSD into his drink occurred prior to the date of his trial. Although the state court failed to specifically address Petitioner's newly

---

[2] Since the state court of appeal was given the opportunity to hear this claim when Petitioner appealed the denial of his 3.850 motion, this issue is ripe for review.

discovered evidence claim, the decision did not result in a violation of Petitioner's constitutional rights because Petitioner has not asserted facts sufficient for the motion to have been granted under either federal or state law. Petitioner has not established that he was entitled to a new trial based on newly discovered evidence. Therefore, this ground fails.

## **CONCLUSION**

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 (Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondents, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 7, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Conformed copies to:
Counsel/Parties of Record

F:\Docs\2005\05-cv-2276.douglas 2254.wpd